IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2006 SEP -6 PM 2: 44
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

| | | |
|---|---|---|
| EMPLOYEE RETIREMENT SYSTEM OF TEXAS, | § § § | |
| PLAINTIFF, | § § | |
| V. | § § | CAUSE NO. A-05-CA-976-LY |
| PUTNAM, LLC D/B/A PUTNAM INVESTMENTS, PUTNAM INVESTMENT MANAGEMENT, LLC, AND THE PUTNAM ADVISORY COMPANY, LLC, | § § § § § § | |
| DEFENDANTS. | § | |

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

Before the Court are Plaintiff's Motion to Remand filed December 16, 2005 (Doc. #4); Putnam's Opposition to Plaintiff's Motion to Remand filed January 9, 2006 (Doc. #5); and Plaintiff's Reply to Defendants' Opposition to Plaintiff's Motion to Remand filed January 13, 2006 (Doc. #6). Having considered the motion, response, and reply, the Court renders the following order.

### I. Factual Background

Plaintiff Employee Retirement System of Texas ("ERS") is a Texas governmental public trust. *See* TEX. CONST. art. XVI, § 67. ERS is constitutionally required to provide retirement and disability benefits for officers and employees of the State of Texas. Those benefits are funded by trust funds composed of contributions from state employees' wages, contributions from the state, and the return on investments of those contributions. *See id.* at § 67(b)(3). Through its Board of Trustees, ERS "must invest the funds of the system in such securities as the board may consider prudent investments." *Id.* at § 67(a)(3). ERS's Board is authorized to contract with private

professional investment managers to assist the Board in investing the assets of the retirement system. *See* TEX. GOV'T CODE ANN. § 815.301(c) (West 2004).

In December 2002, ERS entered into a three-year contract with Defendant Putnam Advisory Company, LLC ("PAC"), in which PAC agreed to provide investment advisory services to ERS ("the contract"). However, ERS terminated the contract in November 2003. ERS maintains that it terminated the contract after it discovered, in late October 2003, that two PAC employees assigned to advise ERS had engaged in illegal market timing and were under investigation by the Securities & Exchange Commission and the Commonwealth of Massachusetts.

ERS subsequently filed suit against PAC, Putnam, LLC ("Putnam"), and Putnam Investment Management, LLC ("PIM") in state district court in Travis County, Texas. *See Employees Ret. Sys. of Tex. v. Putnam, LLC D/B/A Putnam Inv.*, No. GN503755 (200th Dist. Ct., Travis County, Tex. Oct. 17, 2005). ERS filed suit in the Texas state court pursuant to the forum-selection clause in the contract, which provided that "[j]urisdiction and venue of any action in connection with this Contract or the parties' relationship shall be in Texas State District Court in Travis County, Texas." ERS asserts causes of action for breach of contract, fraud, negligent misrepresentation, breach of fiduciary duty, and for violations of the Texas Deceptive Trade Practices Act and Texas Securities Act. *See* TEX. BUS. & COM. CODE ANN. §§ 17.46, 17.50 (West Supp. 2006); TEX. REV. CIV. STAT. ANN. arts. 581-33, 581-33-1 (West Supp. 2006). As bases for imposing joint and several liability among the Defendants, ERS alleges civil conspiracy, aiding and abetting, and piercing the corporate veil.

On November 21, 2005, Defendants removed the action to this Court on the basis of diversity

jurisdiction.[1] *See* 28 U.S.C. §§ 1332, 1441. In the removal notice, Defendants contend that the forum-selection clause is no longer binding on ERS and PAC, because ERS terminated the contract before filing suit. Defendants maintain that the only terms of the contract that survived termination are those identified in the "Survival of Terms" provision, the indemnity and confidentiality terms.

ERS moves to remand the action to state court, arguing that the forum-selection clause is valid, remains binding on ERS and PAC, and applies to the litigation.[2] ERS contends that, because PAC is bound by the state-court forum-selection clause, it cannot consent to removal of this action to federal court, as the rule of unanimity requires. Advancing the maxim *"expressio unius est exclusio alterius,"* Defendants respond that, because the forum-selection clause was not expressly included in the survival provision, the clause did not survive termination of the contract.

## II. Applicable Law

Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A federal court may exercise jurisdiction over cases only as expressly provided by the Constitution and laws of the United States. *See* U.S. CONST. art. III § 2; *see also Kokkonen*, 511 U.S. at 377. As such, "there is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). Thus, to support removal, a defendant bears the burden of establishing facts demonstrating that the Court has subject-matter jurisdiction of the cause. *See Carpenter v. Wichita*

---

[1] Defendants represent in their removal notice that they were served with citation in the state-court action through the Office of the Texas Secretary of State on October 28, 2005. Defendants maintain, therefore, that the removal was timely. *See* 28 U.S.C. § 1446(b).

[2] Additionally, ERS argues that the removal is improper because ERS is an alter ego of the State of Texas and its citizenship must be disregarded in the diversity analysis. The Court need not reach this argument, however, because the forum-selection clause issue is dispositive.

*Falls ISD*, 44 F.3d 362, 365 (5th Cir. 1995). In any case removed from state court in which there are multiple defendants, all Defendants must consent to removal. *See Gillis v. Louisiana*, 294 F.3d 755, 759 (5th Cir. 2002); *Getty Oil Corp. v. Insurance Co. of North Am.*, 841 F.2d 1254, 1262 (5th Cir. 1988); *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986). Any doubt as to the propriety of the removal is to be resolved in favor of remand. *See Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

### III. Analysis

It is well established that forum-selection clauses are "prima facie valid and should be enforced unless enforcement is shown to be 'unreasonable' under the circumstances." *International Software Sys., Inc. v. Amplicon, Inc.*, 77 F.3d 112, 114 (5th Cir. 1996) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972)). Courts, therefore, generally enforce forum-selection clauses unless the nonmoving party clearly shows that "enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." *Bremen*, 407 U.S. at 15.

Defendants do not argue that enforcement of the forum-selection clause would be unreasonable or unjust, or that the clause is invalid for such reasons as fraud of overreaching. Instead, Defendants contend that the forum-selection clause is inapplicable, because the parties did not expressly include it in the survival provision of the contract. The Court rejects Defendants' position for several reasons.

The maxim *"expressio unius est exclusio alterius"* on which Defendants rely means that "the expression in a contract of one or more things of a class implies the exclusion of all not expressed, even though all would have been implied had none been expressed." *First Nat'l Bank v. Nugent*, 384

S.W.2d 224, 226 (Tex. Civ. App.–San Antonio 1964, writ ref'd n.r.e.). However, a review of the survival provision and the forum-selection clauses reflects that they do not address or involve the same class of items. For instance, the survival provision involves affirmative obligations arising *after* the contract was terminated; whereas, the forum-selection clause applies to conduct occurring *before* termination. Because the two clauses address different types of obligations, the Court concludes that the parties' failure to include the forum-selection clause in the survival of terms provision is not dispositive.

Further, the Court does not find any expression of intent in the contract that the parties did not intend for the forum-selection clause to survive termination. The survival of terms provision simply states that the indemnity and confidentiality provisions shall survive termination with or without cause. The survival provision does not expressly state these are the only two terms that the parties intended to survive termination. Nor does the survival provision state that no other terms of the contract will survive termination. Additionally, there is no language in the forum-selection clause expressly stating that it will not survive termination.

Moreover, the Court concludes that Defendants' interpretation of the contract is unreasonable.[3] Parties may contractually agree on a forum to litigate disputes. *See Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 588 (1991). A forum-selection clause represents the parties' agreement as to the most proper forum. *See generally Stewart Org., Inc. v. Ricoh, Corp.*, 487 U.S. 22, 31 (1988). Parties to a contract incorporate these provisions into their agreements, because they

---

[3] The Court does not find that the contract is ambiguous. To the contrary, the Court concludes that the contract unambiguously requires that jurisdiction and venue "of any action in connection with this Contract or the parties' relationship" shall be in state district court in Travis County, Texas.

5

recognize that either, or both, parties may subsequently breach or dispute the contractual terms. However, under Defendants' interpretation, a party could only invoke the forum-selection clause if it filed suit before it terminated the contract. Thus, a party could capitalize on its own breach of the contract by forcing the other party to continue operating under the contract, at least until suit was filed in state court, or by forcing the party to waive its rights to a state-court forum, if it chose to terminate the contract before filing suit. Such an interpretation of the contract is unreasonable and contrary to the very purpose of the negotiated and bargained-for forum-selection clause.

The Court concludes that the forum-selection clause survived ERS's termination of the contract and that ERS may invoke the forum-selection clause in this action.[4] The forum-selection clause requires that jurisdiction and venue of any action in connection with the contract, or with the parties' relationship, be in state district court of Travis County, Texas. ERS's action against Defendants is most certainly connected with the contract entered into between ERS and PAC, as well as with the parties' relationship. PAC, as a party to the contract, is bound by the forum-selection clause. PAC, therefore, cannot consent to the removal of this action to federal court by the non-contracting defendants. *See Waters v. Browning-Ferris Indus., Inc.*, 252 F.3d 796, 797 (5th Cir.

---

[4] In reaching this conclusion, the Court also finds instructive Supreme Court and Fifth Circuit authority regarding arbitration provisions. The Supreme Court has stated that courts must "presume as a matter of contract interpretation that the parties did not intend a pivotal dispute resolution provision to terminate for all purposes upon the expiration of the agreement." *Litton Fin. Printing Div. v. NLRB*, 501 U.S. 190, 208 (1991). Further, in the absence of some contrary intent, termination of an agreement does not automatically extinguish a party's duty to arbitrate grievances arising under the contract; rather, parties must expressly exclude certain disputes from arbitration clauses. *See Nolde Bros., Inc. v. Local No. 358, Bakery & Confectionary Workers Union*, 430 U.S. 243, 251 (1977). Similarly, the Fifth Circuit has explained that "[a]bsent an expression of contrary intent, broad arbitration clauses—if they are to mean what they say—must survive the expiration of the contract because such clauses are intended to reach all aspects of the parties' relationship, including post-contractual disputes." *Strata Heights Int'l Corp. v. Petroleo Brasileiro, S.A.*, 67 Fed Appx. 247, 7 (5th Cir. 2003).

2001) (party can waive removal rights by agreeing to contractual forum-selection clause). The Court will, therefore, remand the action to state district court in Travis County, Texas.

## IV. Conclusion

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand (Doc. #4) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the 200th Judicial District Court of Travis County, Texas.

**SIGNED** this 6th day of September, 2006.

_____
LEE YEAKEL
UNITED STATES DISTRICT JUDGE